UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JANET HALL LONG and GAIL HALL SCREEN

Plaintiffs,

v.     408CV014

ROSALIND HEWITT, as Margie Hall's Guardian; and WILLIE RAYMOND TAYLOR, JR. as Conservator of Margie Hall's property,

Defendants.

## ORDER

State Farm Insurance Company initially brought this case as a 28 U.S.C. § 1335 interpleader action to determine who should receive the proceeds of Henry H. Hall, Jr's $71,387.56 life insurance policy. Doc. # 1. Hall purchased the policy in 1994 and designated his wife Margie and two daughters (now known as Gail Hall Screen and Janet Hall Long) as primary and secondary beneficiaries. *Id.* ¶¶ 11-14.

Indicted for murdering Henry in 2006, Margie (through her conservator) did not disclaim any right to the policy's proceeds, doc. # 1 ¶¶ 22-23, 29-32, so State Farm successfully sought to pay them into this Court, then exit and let the beneficiaries fight it out. Doc. ## 1, 32. The Court has therefore realigned the parties (the daughters are now the plaintiffs, the conservators are now the defendants) and reconfigured the caption; all subsequent filings shall conform.

Meanwhile, the parties are attempting to mediate this case. Doc. # 43 ¶ 3. Presumably that extends to plaintiffs' state law claims (wrongful death, emotional distress, etc.) against Margie (nominally against her conservators). Doc. # 16. Relevant to the "interpled question" here is whether Margie murdered her husband and thus whether Georgia law prevents her from recovering under Henry's policy. *See, e.g., Krause v. Vance*, 207 Ga.App. 615, 622 (1993) (upholding "civil murder," or "slayer's rule" verdict that husband who murdered his wife could not recover her life insurance policy proceeds or inherit her estate). To that end, the plaintiffs move the Court to strike from the record of this case an "Order and Judgment" from *State v. Hall*, No. IS06CR201W (Effingham County, Georgia State Court Order filed 2/25/08) (unpublished), showing that, for the shooting death of Henry, Margie has been adjudicated not guilty by reason of insanity. They argue that the *Hall* decision is inadmissible here because a different standard of proof (from that to be used here) figured into that judgment. Doc. # 37 at 3.

The Court **DENIES** motion # 37. The *Hall* decision merely proves a fact -- that Margie was *adjudged,* by *another* court, not guilty by reason of insanity. It by no means drives the result here. Rather, Georgia law does -- something with which this Court is quite familiar. *See Bell v. Tolbert*, 2008 WL 906493 (S.D.Ga. 4/3/08) (unpublished) (extended slayer's rule applied in husband-slayed-wife case). So if Georgia law requires *de novo* adjudication of Margie's culpability, then the *Hall* decision will act as no more than a legally inconsequential background fact. Conversely, this Court will apply its result directly should Georgia law so command. But because no one is presently moving for summary judgment (or some other merits-based determination), the Court need not reach that issue now, which means the *Hall* decision prejudices no one merely by remaining in this Court's record.

Finally, since the parties are proceeding to mediation, this case is **ADMINISTRATIVELY CLOSED** subject to a timely re-open motion by any party with standing (that can include a motion to adopt, for enforcement purposes, any resulting settlement agreement, *see Kokkonen v. Guardian*

*Life Ins. Co. of Am.*, 511 U.S. 375 (1994)).

This  23  day of May, 2008.


_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA